IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VJGJ, INC., et al., | ) | Bankr. Case No. 21-11332 (BLS) |
| | ) | |
| Post-Effective Date Debtors. | ) | (Jointly Administered) |
| | ) | |
| ALFRED GIULIANO as Plan Administrator for the Post-Effective Date Debtors, | ) ) ) | |
| | ) | |
| Appellant, | ) ) | C.A. No. 22-989 (MN) |
| v. | ) | |
| | ) | |
| KEYSOURCE ACQUISITION, LLC, | ) ) | |
| Appellee. | ) ) | |

## MEMORANDUM ORDER

At Wilmington, this 30th day of November 2022;

Presently before the Court is a motion to dismiss (D.I. 3) ("Motion to Dismiss") the appeal filed by Alfred Giuliano, in his capacity as plan administrator ("the Plan Administrator") for the above-captioned post-plan effective date debtors ("the Debtors"), from an amended order of the Bankruptcy Court, dated July 25, 2022, allowing appellee KeySource Acquisition, LLC ("KeySource") an administrative expense claim under 11 U.S.C. §§ 503(b)(1) and 507(a)(2) in an amount to be determined by later proceeding. KeySource has moved to dismiss the appeal pursuant to Federal Rule of Bankruptcy Procedure 8013 on the basis that the amended order is not a final order, as it does not determine the amount of KeySource's allowed administrative claim, and this Court therefore lacks appellate jurisdiction to hear the appeal. For the reasons set forth herein, the Court will grant the Motion to Dismiss.

I.     **BACKGROUND**

    A.     **The Original Order and the Amended Order**

On April 13, 2022, KeySource filed a motion for allowance of an administrative expense claim pursuant to 11 U.S.C. §§ 503(b)(1) and 507(a)(2) in connection with certain products purchased by KeySource from the Debtors which were later recalled (Bankr. D.I. 622)[1] ("the Administrative Expense Motion"). The Debtors objected to the Administrative Expense Motion (Bankr. D.I. 632), and KeySource filed its reply in further support (Bankr. D.I. 639). On June 17, 2022, the Bankruptcy Court held a hearing on the Administrative Expense Motion. (*See* Bankr. D.I. 793 ("6/17/22 Tr.")). At the hearing, the Bankruptcy Court advised that it would grant the Administrative Expense Motion solely with respect to the issue of liability while deferring its ruling on the amount of the claim to a later date, explaining that "we are not necessarily calculating a particular amount here, but that the primary purpose of our colloquy today was to determine whether or not . . . KeySource . . . is entitled to an administrative claim." (6/17/22 Tr. at 187:25-188:3). On June 22, 2022, however, the Bankruptcy Court entered an order (Bankr. D.I. 797) ("the Original Order") that KeySource "is allowed an administrative expense claim in the amount of $237,446.40 for the Recalled Product." (*See* D.I. 1, Ex. A).

On July 7, 2022, the Bankruptcy Court held a hearing to consider confirmation of the Debtors' *Second Amended Joint Chapter 11 Plan of VJGJ, Inc. and Its Debtor Affiliates* ("the Confirmation Hearing"). (*See* Bankr. D.I. 823 ("7/7/22 Tr.")). As discussed at the Confirmation Hearing, the Debtors, their prepetition lenders, and the Official Committee of Unsecured Creditors believed that the Original Order fixing an amount of KeySource's administrative expense was entered in error and believed that the June 17 hearing did not – and was not

---

[1]     The docket of the Chapter 11 cases, captioned *In re VJGJ, Inc.*, Case No. 21-11332 (BLS) (Bankr. D. Del.), is cited herein as "Bankr. D.I. __."

intended to – address the amount of any allowed administrative expense of KeySource. (7/7/22 Tr. at 32:2-23; 37:7-25; 45:17-46:1). On July 25, 2022, at the Debtors' request, and consistent with the Bankruptcy Court's comments on the record at the June 17 hearing, the Bankruptcy Court entered an order amending the Original Order (Bankr. D.I. 837) ("the Amended Order") allowing KeySource's administrative expense claim "*in an amount to be determined*." (D.I. 1, Ex. B (emphasis added)).

      B.      **The Notice of Appeal and Motion to Dismiss**

Two days after entry of the Amended Order, on July 27, 2022, the Plan Administrator filed this appeal from the Original Order, amended by the Amended Order. (*See id.* at 1). On August 5, 2022, KeySource filed its Motion to Dismiss the appeal.

On August 11, 2022, the Bankruptcy Court issued a letter addressing the Amended Order and offering a further hearing to the parties to fix the amount of KeySource's administrative expense claim (Bankr. D.I. 853) ("the Letter"). The Letter does not refer to the pending appeal of the Original Order and Amended Order. (*See id.*) As KeySource correctly asserts, the Bankruptcy Court is unable at this time to fix the amount of KeySource's administrative expense claim because the Plan Administrator's appeal of the Amended Order has divested the Bankruptcy Court of jurisdiction over the matter. *See In re Transtexas Gas Corp.*, 303 F.3d 571, 578-79 (5th Cir. 2002) ("It is a fundamental tenet of federal civil procedure that – subject to certain, defined exceptions – the filing of a notice of appeal from the final judgment of a trial court divests the trial court of jurisdiction and confers jurisdiction upon the appellate court.").

The Motion to Dismiss is fully briefed. (D.I. 3, 5, 6). The Court did not hear oral argument because the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument.

## II. JURISDICTION

Appeals from the Bankruptcy Court to this Court are governed by 28 U.S.C. § 158. Pursuant to § 158(a), district courts have mandatory jurisdiction to hear appeals "from final judgments, orders, and decrees" and discretionary jurisdiction over appeals "from other interlocutory orders and decrees." 28 U.S.C § 158(a)(1) and (3).

## III. ANALYSIS

KeySource moves for the dismissal of the appeal of the Amended Order, which supersedes the Original Order, on the basis that this Court lacks appellate jurisdiction. KeySource argues that the Amended Order does not fix the amount of the allowed administrative claim and is not a final order. (*See* D.I. 3 at 2-3). The Plan Administrator argues that the Amended Order should be construed as a final order under the Third Circuit's flexible approach to the determination of finality of orders entered in the bankruptcy context. (*See* D.I. 5 at 3-5).[2]

In the context of claims litigation, an order finally settling the amount and priority of a creditor's claim is appealable. *Howard Delivery Serv. v. Zurich Am. Ins. Co.,* 547 U.S. 651, 657 n.3 (2006) ("[I]n particular, [Congress] has long provided that orders finally settling creditors' claims are separately appealable."); *see also In re Morse Elec. Co.*, 805 F.2d 262, 264 (7th Cir. 1986) (Easterbrook, J.) ("A disposition of a creditor's claim in a bankruptcy is 'final' for purposes of § 158(d) when the claim has been accepted and valued, even though the court has not yet established how much of the claim can be paid given other, unresolved claims."); *White Beauty*, 841 F.2d at 526 ("Nor is an order final when it upholds liability, but does not fix the amount of damages). In this case, the Amended Order does not "finally settl[e]" KeySource's

---

[2] Indeed, in the bankruptcy context, this Court should be pragmatic in its interpretation of finality because of the uniquely protracted nature of the proceedings and the many parties with different claims. *See e.g., F/S Airlease II, Inc. v. Simon*, 844 F.2d 99, 103-04 (3d Cir. 1988); *In re White Beauty View, Inc.*, 841 F.2d 524, 526 (3d Cir. 1988).

4

administrative expense claim because the Amended Order does not set an amount for the claim, but rather states that the amount is "to be determined."

The Plan Administrator argues that an order establishing merely the priority for a claim and not the amount can be appealed as a final order under 28 U.S.C. § 158(a)(1). As support, he cites *In re Marcal Paper Mills, Inc.*, 650 F.3d 311 (3d Cir. 2011), a case in which the bankruptcy court denied a multiemployer pension fund's request to accord administrative expense status to the post-petition portion of a withdrawal liability claim. At the time of the appeal in *Marcal*, the Plan Administrator argues, the amount of withdrawal liability claim had not been liquidated to apportion the claim amounts attributable to pre- and post-petition amounts. (*See* D.I. 5 at 4 (citing *Marcal*, 650 F.3d at 314)). But in that case, the claimant filed a claim for the entire $5,890,128 withdrawal liability as an administrative expense claim. 650 F.3d at 313. The bankruptcy court's order "reclassified the entire withdrawal liability claim as a general secured claim." *Id*. at 314. Therefore, the order from which the claimant appealed in *Marcal* had fixed both the priority and the amount of the claim.

The Plan Administrator further argues that the three factors considered by the Third Circuit in determining the existence of appellate jurisdiction weigh in favor of a determination of finality: (1) the impact of the matter on the assets of the bankruptcy estate; (2) the preclusive effect of a decision on the merits; and (3) whether the interests of judicial economy will be furthered. (D.I. 5 at 4-5 (citing *Marcal*, 650 F.3d at 314)). With respect to the first factor, the Plan Administrator argues that the allowance of KeySource's administrative claim "would likely represent nearly 10% of the available assets for distribution to unsecured creditors, which is about $2,400,000." (D.I. 5 at 5). With respect to the second factor, the Plan Administrator asserts that allowance of KeySource's claim under the Amended Order "could have a preclusive

effect on the Post-Effective Date Debtors" and the assets of their estates as it may lead to the assertion and allowance of similar claims. With respect to the third factor, the Plan Administrator argues that, by granting the Motion to Dismiss, "the parties will need to participate in at least two different proceedings: one at the bankruptcy court level to determine the amount of the claim, and one in this Court to determine the proper[] priority of the claim." (D.I. 5 at 16).

The Plan Administrator's arguments are unavailing. As the Third Circuit has noted, "[o]ur jurisdiction is properly invoked by balancing a general reluctance to expand traditional interpretations regarding finality and a desire to effectuate a practical termination of the matter before us." *In re Meyertech Corp.*, 831 F.2d 410, 414 (3d Cir. 1987). Resolution of an appeal regarding the claim's priority will not obviate the need for further action by the Bankruptcy Court, as the claim's amount must still be determined. On the other hand, if this Court grants the Motion to Dismiss, the Bankruptcy Court may proceed to fix the amount of the claim. Then, if a party wishes to appeal at that point, all issues with respect to the allowed claim can be put before this Court in one appeal. Judicial economy therefore weighs against a finding of finality and in favor of dismissal. *See Meyertech*, 831 F.2d at 414.

V. **CONCLUSION**

The Amended Order is not a final order, and consideration of the relevant factors under the Third Circuit's pragmatic approach does not otherwise support a determination of finality. THEREFORE, IT IS HEREBY ORDERED that the Motion to Dismiss (D.I. 3) is GRANTED and the appeal is DISMISSED. The Clerk of the Court is directed to close this case.

*Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge